# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:20-cv-00020-MR-WCM

| | |
|---|---|
| ROBERT NEVILLE, MD, | )<br>) |
| Plaintiff, | )<br>) |
| vs. | ) **O R D E R**<br>) |
| ELIZABETH C. McCAGHREN, | )<br>) |
| Defendant. | )<br>) |

**THIS MATTER** is before the Court on the Plaintiff's "Statement re: Forma Pauperis Application" [Doc. 6] and the Plaintiff's First Amended Complaint [Doc. 7].

**I.     BACKGROUND**

The Plaintiff Robert Neville, M.D. (the "Plaintiff"), initiated this *pro se* action on January 21, 2020 by filing a Complaint against his sister, Elizabeth C. McCaghren ("McCaghren"), asserting claims related to the death of their mother and the administration of her estate. [Doc. 1]. On January 21, 2020, the Plaintiff also filed an Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 2].

On January 27, 2020, the Court dismissed the action *sua sponte*, finding that it lacks subject-matter jurisdiction over the Plaintiff's claims

because they challenge the validity of a will, which is a matter for state probate courts. [Doc. 3 at 2-3 (citing Rogel v. Johnson, 114 N.C. App. 239, 241, 441 S.E.2d 558, 560 (1994))]. In that same Order, the Court also denied the Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 2] for providing limited information to show whether "the Plaintiff lacks the necessary resources to pay the required filing fee in this action." [Doc. 3 at 3].

On February 7, 2020, the Plaintiff filed a "First Amended Complaint for Damages-Estate Fraud." [Doc. 7]. On the same date, the Plaintiff also filed a "Statement re: Forma Pauperis Application" [Doc. 6], which the Court construes as a Motion for Reconsideration of the Court's January 27, 2020 Order denying the Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. The Plaintiff's Motion for Reconsideration includes more information regarding his financial condition than his original application. [Id.].

The Plaintiff's First Amended Complaint is identical to his original Complaint in all respects, except for the first paragraph, which argues that this Court has subject-matter jurisdiction over this case:

> This court has questioned whether this is a simple probate matter and therefore under the jurisdiction of state court. Plaintiff asserts that both the setting up of the Estate and Trust and its subsequent

> administration was fraudulent self-dealing and criminal, that Elizabeth C. McCaghren covered up her criminal acts by refusing to communicate with plaintiff before obtaining a fraudulent Estate and Trust in 2006 from a brain-damaged person and continuing the wall of silence up to the present day. Additionally Waterman v. Canal-Louisiana Bank and Trust Company 215 U.S. 33, explicitly allows federal adjudication[.]

[Doc. 7 at 1].

## II. STANDARD OF REVIEW

Because the Plaintiff, who is proceeding *pro se*, seeks to proceed in forma pauperis, the Court must examine the pleadings to determine whether this Court has jurisdiction and to ensure that the action is not frivolous or malicious and states a claim upon which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); see also Michau v. Charleston County, S.C., 434 F.3d 725, 728 (4th Cir. 2006) (noting that § 1915(e) "governs IFP filings in addition to complaints filed by prisoners"). The district court "shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious . . . ." Id. The district court has "wide discretion" when considering whether to dismiss a case under § 1915." Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994).

3

## III. DISCUSSION

Upon careful consideration and review, the Court concludes that the Plaintiff's First Amended Complaint presents a frivolous or malicious case that must be dismissed.

The Court is required to dismiss any case that it determines is "frivolous or malicious." U.S.C. § 1915(e)(2)(B)(i). The Court's review of the Plaintiff's First Amended Complaint reveals that numerous other District Courts have dismissed similar actions filed by the Plaintiff related to these same facts. Notably, the Plaintiff filed an action against Defendant McCaghren in the United States District Court for the Southern District of Georgia, <u>Neville v. McCaghren</u>, No. CV 617-075, 2019 WL 97836 (S.D. Ga. Jan. 3, 2019) (the "Georgia Action"), and an action against Defendant McCaghren's sister in the United States District Court for the Southern District of California, <u>Neville v. Dill</u>, No. 19CV321-CAB-MDD, 2019 WL 4242502 (S.D. Cal. Sept. 6, 2019) (the "California Action").

The Court in the Georgia Action imposed sanctions on the Plaintiff for engaging in a "systematic pattern of harassment" of Defendant McCaghren and her counsel and ignoring the Court's instructions by repeatedly filing frivolous motions. <u>Neville v. McCaghren</u>, 2019 WL 97836, at *6. The sanctions order permanently enjoined the Plaintiff "from, either directly or

indirectly, litigating the administration of Jessica Neville's estate or the Bulloch Property transaction any further in this Court." Id.

In the California Action, the Plaintiff moved to dismiss the action after the Court entered a show cause order against him for failing to appear at multiple pre-trial hearings. Dill, 2019 WL 4242502, at *2. The Court responded to the Plaintiff's motion to dismiss by dismissing the action *with prejudice*, noting that:

> it appears that Plaintiff has engaged in forum-shopping in an attempt to circumvent the rulings and sanctions issued in the [Georgia] Action. Then, after failing to appear at two hearings in this action, and being sanctioned . . . Plaintiff has asked to dismiss this case. In order to prevent further prejudice to Defendant, the terms for dismissal that this court "considers proper" are that the dismissal be with prejudice and that Defendant be awarded costs as previously ordered[.]

Id. at *2.

"Litigants do not have an absolute and unconditional right of access to the courts in order to prosecute frivolous, successive, abusive or vexatious actions. See Demos v. Keating, 33 F. App'x 918, 920 (10th Cir. 2002); Tinker v. Hanks, 255 F.3d 444, 445 (7th Cir. 2002); In re Vincent, 105 F.3d 943, 945 (4th Cir. 1997). District courts have inherent power to control the judicial process and to redress conduct which abuses that process. Silvestri v. Gen. Motors Corp., 271 F.3d 583, 590 (4th Cir. 2001).

5

This civil action is based on the same factual allegations and legal claims as the others filed by the Plaintiff. The Plaintiff's abuses of the litigation process led those actions to be dismissed and caused courts to bar him from filing new actions based on these facts. McCaghren, 2019 WL 97836, at *2; Dill, 2019 WL 4242502, at *6. In light of those previous rulings, and the similar allegations and claims asserted by the Plaintiff here, the Court concludes that the Plaintiff's First Amended Complaint violates § 1915(e)'s prohibition against "frivolous or malicious" actions. As such, this case will be dismissed. See 28 U.S.C. § 1915(e)(2)(B)(i-iii); Rice, 40 F.3d at 74.

## O R D E R

**IT IS, THEREFORE, ORDERED** that the Plaintiff's First Amended Complaint [Doc. 7] is **DISMISSED**, and this case shall remain **CLOSED**.

**IT IS FURTHER ORDERED** that the Plaintiff's "Statement re: Forma Pauperis Application" [Doc. 6] is **DENIED AS MOOT**.

Signed: March 2, 2020

Martin Reidinger
United States District Judge