THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:20-cv-00020-MR-WCM
CIVIL CASE NO. 1:20-cv-00065-MR-WCM

| | |
|---|---|
| ROBERT NEVILLE, MD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ELIZABETH McCAGHREN, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's "Motion for Relief from Judgment (FRCP Rules 59 and 60) in Form of Letter to Presiding Judge" [CV1 Doc. 9; CV2 Doc. 7].[1]

## I.  BACKGROUND

On January 21, 2020, the Plaintiff Robert Neville, M.D. (the "Plaintiff"), initiated an action against Elizabeth McCaghren (the "Defendant"), asserting claims related to the death of their mother and the administration of her estate. [CV1 Doc. 1]. On January 27, 2020, the Court dismissed the action

---

[1] Citations to the record herein contain the relevant document number referenced preceded either by the letters "CV1" denoting that the document is listed on the docket in Civil Case No. 1:20-cv-00020-MR-WCM, the letters "CV2" denoting that the document is listed on the docket in Civil Case No. 1:20-cv-00065-MR-WCM, the letters "SDGA" denoting that the document is listed on the docket in Civil Case No. CV 617-075 (S.D. Ga.), or the letters "SDCAL" denoting that the document is listed on the docket in Civil Case No. 19CV321-CAB-MDD (S.D. Cal.).

*sua sponte*, finding that it lacks subject-matter jurisdiction over the Plaintiff's claims because they challenge the validity of a will, which is a matter for state probate courts. [CV1 Doc. 3].

On February 7, 2020, the Plaintiff filed a "First Amended Complaint for Damages-Estate Fraud" in the same action. [CV1 Doc. 7]. Upon review of the Plaintiff's filing, the Court discovered that the Plaintiff had filed similar actions in other courts based on the same factual allegations and that those claims had been dismissed. [CV1 Doc. 8]. Specifically, the Plaintiff filed an action against the Defendant in the United States District Court for the Southern District of Georgia, Neville v. McCaghren, No. CV 617-075, 2019 WL 97836 (S.D. Ga. Jan. 3, 2019) (the "Georgia Action"), and an action against the Defendant's sister in the United States District Court for the Southern District of California, Neville v. Dill, No. 19CV321-CAB-MDD, 2019 WL 4242502 (S.D. Cal. Sept. 6, 2019) (the "California Action").

The Court in the Georgia Action imposed sanctions on the Plaintiff because he engaged in a "systematic pattern of harassment" of the Defendant and her counsel and repeatedly filed frivolous motions in defiance of the Court's instructions. Neville v. McCaghren, 2019 WL 97836, at *6. The sanctions permanently enjoined the Plaintiff "from, either directly or

2

Case 1:20-cv-00020-MR-WCM   Document 10   Filed 06/10/20   Page 2 of 10

indirectly, litigating the administration of Jessica Neville's estate or the Bulloch Property transaction any further in this Court." Id.

In the California Action, the Plaintiff moved to dismiss his claims after the Court entered a show cause order against him for failing to appear at multiple pre-trial hearings. Dill, 2019 WL 4242502, at *2. The Court dismissed the action *with prejudice*, noting that:

> it appears that Plaintiff has engaged in forum-shopping in an attempt to circumvent the rulings and sanctions issued in the [Georgia] Action. Then, after failing to appear at two hearings in this action, and being sanctioned . . . Plaintiff has asked to dismiss this case. In order to prevent further prejudice to Defendant, the terms for dismissal that this court "considers proper" are that the dismissal be with prejudice and that Defendant be awarded costs as previously ordered[.]

Id. at *2.

After reviewing the Plaintiff's claims and those prior cases, the Court concluded that the Plaintiff's First Amended Complaint presented a frivolous or malicious case that attempted to relitigate an action that had been dismissed *with prejudice* due to the Plaintiff's behavior. [CV1 Doc. 8]. Accordingly, the Court dismissed the Plaintiff's First Amended Complaint on March 2, 2020. [Id.].

On the same date, the Plaintiff filed a new action against Betsy McCaghren,[2] again asserting claims related to the death of their mother and the administration of her estate. [CV2 Doc. 1]. The Plaintiff's "De Novo Complaint for Damages" raised the same claims as the case that was dismissed on March 2, 2020. [Id.; see also CV1 Docs. 1, 7]. As such, the Court struck the Plaintiff's Complaint on March 9, 2020 for violating 28 U.S.C. § 1915(e)'s prohibition against "frivolous or malicious" actions. [CV2 Doc. 3]. In that Order, the Court warned that "future frivolous or malicious filings will result in the imposition of a pre-filing review system." [Id. at 4].

On March 19, 2020, the Plaintiff filed this "Motion for Relief from Judgment (FRCP Rules 59 and 60) in Form of Letter to Presiding Judge" [CV1 Doc. 9; CV2 Doc. 7]. In that motion, the Plaintiff requests reconsideration of the Court's Orders from March 2 and March 9 that dismissed his actions. [Id. at 2-3].

## II. STANDARD OF REVIEW

The Plaintiff's motion cites to Rule 59, which allows a district court to alter or amend a judgment after its entry, Fed. R. Civ. P. 59(e), and Rule 60,

---

[2] The Plaintiff brought his January 21, 2020 and February 7, 2020 claims against Elizabeth McCaghren and brought his March 2, 2020 claims against Betsy McCaghren. It appears from the Plaintiff's filings, however, that Elizabeth McCaghren and Betsy McCaghren are the same person.

4

which provides for relief from a final judgment based on excusable neglect or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). The Fourth Circuit has "squarely held . . . that a motion filed under both Rule 59(e) and Rule 60(b) should be analyzed only under Rule 59(e) if it was filed no later than [28][3] days after entry of the adverse judgment and seeks to correct that judgment." Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 412 (4th Cir. 2010) (citing Small v. Hunt, 98 F.3d 789, 797 (4th Cir. 1996)); see also Johnson v. Hendrick Automotive Grp., No. 3:10–cv–109–W, 2011 WL 6032706 (W.D.N.C. Dec. 5, 2011), aff'd, 471 Fed. App'x. 192 (4th Cir. 2012). Because the Plaintiff filed this motion within 28 days, the Court will follow Circuit precedent and analyze the motion only under Rule 59(e).

"The reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Loren Data Corp. v. GXS, Inc., 501 Fed. App'x. 275, 285 (4th Cir. 2012) (citing Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396 (4th Cir. 1998)). A court may alter or amend the judgment under Rule 59(e) if the moving party shows (1) an intervening change in the controlling law; (2) new evidence that was not available at trial; (3) a clear error of law; or (4) a manifest injustice. Id. (citing Robinson, 599

---

[3] Rule 59(e) was amended in 2009 to provide a twenty-eight day period within which to file the motion.

F.3d 403 (4th Cir. 2010)). The burden is on the moving party to show one of these grounds for relief. Id.

## III. DISCUSSION

The Plaintiff claims that he provides "new evidence" to "further apprise" the Court of his "odyssey through the federal courts." [CV1 Doc. 9; CV2 Doc. 7]. Specifically, the Plaintiff claims that "no hearing was ever held in Georgia and no Answer to my Complaint was ever filed" and that he "was a victim of extreme bias by the judge in the Georgia federal court." [Id. at 2]. The Plaintiff further claims that he could not travel to any hearings in the California Action because of financial reasons. [Id.].

The Plaintiff's motion does not present new evidence warranting relief under Rule 59(e). The Plaintiff claimed "bias" in the Georgia Action as reflected in the record and the Order entered in that case. See Neville v. McCaghren, 2019 WL 97836, at *3 (noting that the Plaintiff argued that the decision to remove a Magistrate Judge from the case following his retirement "reeks of bias, is patently unfair and is clearly ill-considered as well as 'very improper and almost unprecedented in federal jurisprudence.'"). Likewise, the Plaintiff's claims regarding his lack of financial means were evident from the record in the California Action. [SDCAL Docs 12, 34 (arguing that the Plaintiff lacked the financial means to appear in California to attend

hearings)]. The "new evidence" presented in the Plaintiff's motion, therefore, is not new at all. Instead, it was known by the Plaintiff when he filed the action and was known by this Court when it entered the Orders striking the Plaintiff's pleadings. As such, the Plaintiff has not presented any "new evidence" that merits altering or amending the Court's prior Orders under Rule 59. Likewise, the Plaintiff does not argue or present any evidence to show that a change in intervening law, a clear error of law, or a manifest injustice has occurred. See Loren Data Corp., 501 F. App'x. at 285 (citation omitted). Accordingly, the Plaintiff's "Motion for Relief from Judgment (FRCP Rules 59 and 60) in Form of Letter to Presiding Judge" [CV1 Doc. 9; CV2 Doc. 7] will be denied.

The Court is compelled to emphasize that when the Court in the Southern District of California dismissed Plaintiff's claims *with prejudice* that the Plaintiff's claims related to this matter were terminated. This Court does not have the jurisdiction to un-do what the California Court has done.

In the Court's March 9, 2020 Order, the Plaintiff was warned that future frivolous filings would result in the imposition of a pre-filing review system. [CV2 Doc. 3 at 4]. A pre-filing review system is not a sanction which is imposed lightly. The Court "should not in any way limit a litigant's access to the courts absent exigent circumstances, such as a litigant's continuous

abuse of the judicial process by filing meritless and repetitive actions." Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 818 (4th Cir. 2004) (internal quotation marks and citation omitted). In determining whether to impose a limitation on a litigant's access to the courts, the following factors should be considered: "(1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions." Id. "Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." Vandyke v. Francis, No. 1:12-CV-128-RJC, 2012 WL 2576746, at *2 (W.D.N.C. July 3, 2012) (quoting Black v. New Jersey, No. 7:10-CV-57-F, 2011 WL 102727, at *1 (E.D.N.C. Jan. 11, 2011)).

Applying these factors to the present case, the Court concludes that the imposition of a pre-filing review is warranted. The Plaintiff has made a series of frivolous and vexatious filings against the Defendant in three different federal courts. In those actions, the Plaintiff has harassed the Defendant and burdened her with appearing at hearings and depositions that

he failed to attend. Despite two prior Orders from this Court barring the Plaintiff from continuing to pursue these claims against this Defendant because of his vexatious conduct, the Plaintiff continues to file pleadings making the same claims. These filings are burdensome on the Court and cause the Court to expend time and resources addressing them. In light of these circumstances, the Court concludes that the Plaintiff will continue his abusive behavior if he is not subjected to a pre-filing review system.

Before imposing a pre-filing limitation, the Court must offer a litigant the opportunity to explain why the Court should not impose such a pre-filing review system upon all future filings from him. See Vandyke, 2012 WL 2576746, at *3. In the event that the Plaintiff fails to articulate a reason why such a system should not be imposed, the Court will enter an Order directing that all documents submitted by the Plaintiff in the future will be pre-screened by the Court for content. Any proposed filings that are not made in good faith or which lack substance or merit will be returned to the Plaintiff without further explanation. Such a review system "will allow Plaintiff to have access to the Courts for his legitimate concerns, but will prevent him from usurping the Court's resources with his baseless submissions." Id. at *3.

# O R D E R

**IT IS, THEREFORE, ORDERED** that the Plaintiff's "Motion for Relief from Judgment (FRCP Rules 59 and 60) in Form of Letter to Presiding Judge" [CV1 Doc. 9; CV2 Doc. 7] is **DENIED**.

**IT IS FURTHER ORDERED** that, within fourteen (14) days of the entry of this Order, the Plaintiff shall file a single document, not to exceed three (3) pages, succinctly explaining why he believes the Court should not impose the above-described pre-filing review system. **The Plaintiff is expressly warned that his failure to fully comply with this directive will result in the Court's imposition of the subject pre-filing review system.**

**IT IS SO ORDERED.**

Signed: June 10, 2020

Martin Reidinger
Chief United States District Judge