THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:20-cv-00020-MR-WCM
CIVIL CASE NO. 1:20-cv-00065-MR-WCM

| | | |
|---|---|---|
| ROBERT NEVILLE, MD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| ELIZABETH McCAGHREN, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the Plaintiff's "Motion to Vacate Judgment of June 10, 2020[,] Motion for Relief From Judgment (FRCP Rule 60)[,] Opposition to Pre-Filing Review[,] Notice that the California Case is On Appeal[,] and Sworn Affidavit." [CV1 Doc. 11; CV2 Doc. 9].[1]

**I.    BACKGROUND**

On January 21, 2020, the Plaintiff Robert Neville, M.D. (the "Plaintiff"), initiated this action against his sister Elizabeth McCaghren (the "Defendant"), asserting claims related to the death of their mother and the administration

---

[1] Citations to the record herein contain the relevant document number referenced preceded either by the letters "CV1" denoting that the document is listed on the docket in Civil Case No. 1:20-cv-00020-MR-WCM; the letters "CV2" denoting that the document is listed on the docket in Civil Case No. 1:20-cv-00065-MR-WCM; the letters "SDGA" denoting that the document is listed on the docket in Civil Case No. CV 617-075 (S.D. Ga.); or the letters "SDCAL" denoting that the document is listed on the docket in Civil Case No. 19CV321-CAB-MDD (S.D. Cal.).

of her estate. [CV1 Doc. 1]. On January 27, 2020, the Court dismissed the Plaintiff's Complaint *sua sponte* on the grounds that the Court lacked subject-matter jurisdiction over the claims because they challenged the validity of a will. [CV1 Doc. 3].

On February 7, 2020, the Plaintiff filed a "First Amended Complaint for Damages-Estate Fraud" in the same action. [CV1 Doc. 7]. Upon review of the Plaintiff's filing, the Court discovered that the Plaintiff had filed similar actions based on the same factual allegations in other courts and that those claims had been dismissed. [CV1 Doc. 8]. Specifically, the Plaintiff had filed an action against the Defendant in the United States District Court for the Southern District of Georgia, Neville v. McCaghren, No. CV 617-075, 2019 WL 97836 (S.D. Ga. Jan. 3, 2019) (the "Georgia Action"), and an action against the Defendant's sister in the United States District Court for the Southern District of California, Neville v. Dill, No. 19CV321-CAB-MDD, 2019 WL 4242502 (S.D. Cal. Sept. 6, 2019) (the "California Action").

In the Georgia Action, the Court imposed sanctions on the Plaintiff because he engaged in a "systematic pattern of harassment" of the Defendant and her counsel and repeatedly filed frivolous motions in defiance of the Court's instructions. Neville v. McCaghren, 2019 WL 97836, at *6. The sanctions permanently enjoined the Plaintiff "from, either directly or

2

indirectly, litigating the administration of Jessica Neville's estate or the Bulloch Property transaction any further in this Court." Id.

In the California Action, the Plaintiff moved to dismiss his claims after the Court entered a show cause order against him for failing to appear at multiple pre-trial hearings. Dill, 2019 WL 4242502, at *2. The Court ultimately dismissed the action *with prejudice*, noting that:

> it appears that Plaintiff has engaged in forum-shopping in an attempt to circumvent the rulings and sanctions issued in the [Georgia] Action. Then, after failing to appear at two hearings in this action, and being sanctioned . . . Plaintiff has asked to dismiss this case. In order to prevent further prejudice to Defendant, the terms for dismissal that this court "considers proper" are that the dismissal be with prejudice and that Defendant be awarded costs as previously ordered[.]

Id. at *2.

After reviewing the Plaintiff's claims and those prior cases, this Court concluded that the Plaintiff's First Amended Complaint presented a frivolous or malicious case that attempted to relitigate an action that had been dismissed *with prejudice* due to the Plaintiff's behavior. [CV1 Doc. 8]. Accordingly, the Court dismissed the Plaintiff's First Amended Complaint on March 2, 2020. [Id.].

On the same date, the Plaintiff filed a new action against Betsy McCaghren,[2] again asserting claims related to the death of their mother and the administration of her estate. [CV2 Doc. 1]. The Plaintiff's "De Novo Complaint for Damages" raised the same claims as the case that was dismissed on March 2, 2020. [Id.; see also CV1 Docs. 1, 7]. As such, the Court struck the Plaintiff's Complaint on March 9, 2020 for violating 28 U.S.C. § 1915(e)'s prohibition against "frivolous or malicious" actions. [CV2 Doc. 3]. The Court was particularly concerned that the Plaintiff's filings were frivolous because he had filed two separate actions in this Court against the Defendant within two months. Those two actions raised similar claims against the Defendant, and those claims were similar to the ones that had been dismissed with prejudice in the California Action. In that Order, the Court warned that "future frivolous or malicious filings will result in the imposition of a pre-filing review system." [Id. at 4].

On March 19, 2020, the Plaintiff filed a "Motion for Relief from Judgment (FRCP Rules 59 and 60) in Form of Letter to Presiding Judge" [CV1 Doc. 9; CV2 Doc. 7]. In that motion, the Plaintiff claimed to present

---

[2] The Plaintiff brought his January 21, 2020 and February 7, 2020 claims against Elizabeth McCaghren and brought his March 2, 2020 claims against Betsy McCaghren. It appears from the Plaintiff's filings, however, that Elizabeth McCaghren and Betsy McCaghren are the same person.

4

new evidence and requested reconsideration of the Court's Orders from March 2 and March 9 that dismissed his actions. [Id. at 2-3].

On June 10, 2020, the Court denied the Plaintiff's motion on the grounds that he had failed to present any new evidence that would justify altering the judgment under Rule 59(e). [CV1 Doc. 10; CV2 Doc. 8]. In light of the Plaintiff's previous filings, the Court further instructed the Plaintiff to file a document within fourteen days explaining why the Court should not impose a pre-filing review system based on the Plaintiff's frivolous filings. [Id.].

On June 30, 2020, the Plaintiff filed the present Motion, asking the Court to reconsider its June 10 Order under Rule 60 because "the California case is on appeal" and "the Georgia judge was impaired." [CV1 Doc. 11 at 1; CV2 Doc. 9 at 1]. The Plaintiff's Motion also untimely opposes the Court's June 10 Order regarding the entry of a prefiling system on the grounds that no frivolous motions have been filed. [Id. at 2].

## II. STANDARD OF REVIEW

Rule 60(a) of the Federal Rules of Civil Procedure provides that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the

5

record.  The court may do so on motion or on its own, with or without notice." Fed. R. Civ. P. 60(a).

Rule 60(b) allows the Court "[o]n motion and just terms [to] relieve a party or [his] legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief."  Fed. R. Civ. P. 60(b). In addition to establishing one of the six grounds enumerated in Rule 60(b), the movant must also establish that his motion was timely filed, that he has a meritorious defense to the action, and that there would be no unfair prejudice to the nonmoving party by having the judgment set aside. Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 811 (4th Cir. 1998).

## III. DISCUSSION

Having reviewed its June 10 Order, the Court finds no grounds for granting the Plaintiff's Motion under Rule 60(a). Likewise, the Court has reviewed the Plaintiff's Motion and finds that it contains no grounds for granting the Plaintiff's Motion under Rule 60(b). The Court was already aware that the Plaintiff had appealed the dismissal of the California Action and that the Plaintiff has previously complained about the judge in the Georgia Action.[3] Indeed, the Plaintiff has reiterated his complaints about the judge in the Georgia Action in his previous filings in this Court. [CV1 Doc. 9 at 2; CV2 Doc. 7 at 2]. As such, neither of those grounds qualify as "newly discovered evidence" that would justify his Motion under Fed. R. Civ. P. 60(b). Moreover, the Plaintiff's Motion does not appear to provide any other grounds for granting relief under Rule 60(b). Accordingly, the Plaintiff's Motion will be denied.

Upon review of the Plaintiff's Motion, the Court further finds that the Plaintiff has failed to articulate a reason why a pre-filing review system should not be imposed.[4] Indeed, the Plaintiff's Motion re-asserts several of

---

[3] While the Plaintiff highlights that he has appealed the dismissal of the California Action, that further underscores that it would be inappropriate for this Court to entertain his claims here.

[4] The Plaintiff's Motion is also an untimely response to the Court's June 10 Order because it was filed after more than fourteen days had passed.

7

the same frivolous, inappropriate allegations which led the Court to conclude that such a system was necessary in the first place.

In the Court's June 10 Order, the Plaintiff was warned that future frivolous filings would result in the imposition of a pre-filing review system. [CV1 Doc. 10; CV2 Doc. 8]. A pre-filing review system is not a sanction which is imposed lightly. The Court "should not in any way limit a litigant's access to the courts absent exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 818 (4th Cir. 2004) (internal quotation marks and citation omitted). In determining whether to impose a limitation on a litigant's access to the courts, the following factors should be considered: "(1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions." Id. "Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." Vandyke v. Francis, No. 1:12-CV-128-RJC, 2012 WL 2576746, at *2 (W.D.N.C. July

8

Case 1:20-cv-00020-MR-WCM   Document 12   Filed 07/13/20   Page 8 of 10

3, 2012) (quoting Black v. New Jersey, No. 7:10-CV-57-F, 2011 WL 102727, at *1 (E.D.N.C. Jan. 11, 2011)).

Applying these factors to the present case, the Court concludes that the imposition of a pre-filing review is warranted.  The Plaintiff has made a series of frivolous and vexatious filings in four separate cases in three different courts.  His actions have caused one court to dismiss his case with prejudice and led another court to impose sanctions against him.  The Plaintiff has continued his pattern of frivolous and vexatious filings in this Court by filing two separate actions against the Defendant asserting the same claims and by making multiple baseless motions.  Despite this Court's prior Orders clearly explaining the baselessness of the Plaintiff's filings, he continues to file his meritless pleadings.  These filings are burdensome on the Court, as they have caused the Court to expend considerable time and resources in addressing them.  In light of these circumstances, the Court concludes that the Plaintiff will continue his abusive behavior if he is not subjected to a pre-filing review system.

For all of these reasons, the Court will direct that all documents submitted by the Plaintiff in the future will be pre-screened by the Court for content.  Any proposed filings that are not made in good faith or which lack substance or merit will be returned to the Plaintiff without further explanation.

Such a review system "will allow Plaintiff to have access to the Courts for his legitimate concerns, but will prevent him from usurping the Court's resources with his baseless submissions." Vandyke, 2012 WL 2576747, at *3.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion [CV1 Doc. 11; CV2 Doc. 9] is **DENIED**.

**IT IS FURTHER ORDERED** that a pre-filing review system is hereby imposed, and all documents submitted by the Plaintiff Robert Neville in the future, whether in this case or in any other action filed in this District, will be pre-screened by the Court for content. Any proposed filings that are not made in good faith or which lack substance or merit will be returned to the Plaintiff without further explanation.

**IT IS SO ORDERED.**

Signed: July 13, 2020

Martin Reidinger
Chief United States District Judge