THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:20-cv-00020-MR-WCM
CIVIL CASE NO. 1:20-cv-00065-MR-WCM

| | | |
|---|---|---|
| ROBERT NEVILLE, MD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| ELIZABETH McCAGHREN, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the Plaintiff's "Notice of Judicial Misconduct," which the Court construes as a motion for recusal. [CV1 Doc. 13; CV2 Doc. 11].[1]

The Plaintiff seeks the recusal of the undersigned based on alleged judicial misconduct and bias. [Id. at 2]. The Plaintiff argues that the undersigned engaged in judicial misconduct when he "exceeded his authority by independently investigating aspects of the related cases filed in Georgia and California" and made "outrageous statements" regarding the

---

[1] Citations to the record herein contain the relevant document number referenced preceded either by the letters "CV1" denoting that the document is listed on the docket in Civil Case No. 1:20-cv-00020-MR-WCM and the letters "CV2" denoting that the document is listed on the docket in Civil Case No. 1:20-cv-00065-MR-WCM.

Plaintiff's "frivolous and meritless pleadings" and "forum shopping." [Id. at 1-2].

28 U.S.C. § 455 governs the disqualification of federal judges. In pertinent part, that statute provides:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]

Id.

In the Fourth Circuit, the standard outlined in subsection (a) is analyzed objectively by determining whether a reasonable person with knowledge of the relevant facts and circumstances might question the judge's impartiality. See United States v. Cherry, 330 F.3d 658, 665 (4th Cir. 2003). The "reasonable person" is a "well-informed, thoughtful observer," who is not "hypersensitive or unduly suspicious." Rosenberg v. Currie, No. 0:10-1555-DCN-PJG, 2010 WL 3891966, at *1 (D.S.C. Sept. 3, 2010) (quoting In re Mason, 916 F.2d 384, 386 (7th Cir. 1990)); see Cherry, 330 F.3d at 665 (quoting United States v. DeTemple, 162 F.3d 279, 287 (4th Cir. 1998) ("A

2

presiding judge is not, however, required to recuse himself simply because of unsupported, irrational or highly tenuous speculation.")).

Bias or prejudice must be proven by compelling evidence. Brokaw v. Mercer Cty., 235 F.3d 1000, 1025 (7th Cir. 2000). Additionally, the movant must demonstrate a bias that is extrajudicial or personal in nature, and which results in an opinion based on something other than what was learned from the judge's participation in the case. Lindsey v. City of Beaufort, 911 F. Supp. 962, 967 n.4 (D.S.C. 1995). "In other words, no recusal is warranted if the alleged bias is 'merely based upon the judge's rulings in the instant case or related cases . . . .'" Farmer v. United States, Nos. 5:10-CR-271-FL-3, 5:12-CV-725-FL, 2013 WL 3873182, at *3 (E.D.N.C. July 25, 2013) (quoting United States v. Carmichael, 726 F.2d 158, 160 (4th Cir. 1984)).

The Plaintiff argues that the undersigned engaged in judicial misconduct necessitating his recusal by taking judicial notice of the related cases filed in Georgia and California. [CV1 Doc. 13 at 1; CV2 Doc. 11 at 1]. Federal Rule of Evidence 201(e) provides that "[o]n timely request, a party is entitled to be heard on the propriety of taking judicial notice and the nature of the fact to be noticed. If the court takes judicial notice before notifying a party, the party, on request, is still entitled to be heard." As such, Rule 201 "expressly contemplates courts taking judicial notice without prior warning"

and then allowing the party to subsequently request an opportunity to be heard.  Ball v. LeBlanc, 792 F.3d 584, 591 (5th Cir. 2015) (citing id.).  Indeed, the Commentary to Rule 201 also states that "[n]o formal scheme of giving [judicial] notice is provided" by the Federal Rules of Evidence and acknowledges a party may have "no advance notice at all."  Fed. R. Evid. 201(e), Advisory Committee Notes.  Here, the Plaintiff does not request an opportunity to heard.  Instead, he flatly argues that the taking of judicial notice was improper.  Regardless of whether the Plaintiff has properly made a request to be heard, the Court will analyze the propriety of taking judicial notice of the Georgia and California cases in the interest of thoroughness.

    Federal Rule of Evidence 201(b) provides that courts "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Moreover, courts "may properly take judicial notice of 'matters of public record' and other information that, under Federal Rule of Evidence 201, constitute 'adjudicative facts.'"  Goldfarb v. Mayor of Baltimore, 791 F.3d 500, 508 (4th Cir. 2015).  Accordingly, "federal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have

4

a direct relation to matters at issue." St. Louis Baptist Temple, Inc. v. FDIC, 605 F.2d 1169, 1172 (10th Cir. 1979). Because the actions in Georgia and California have a direct relation to this case, the Court was within its authority to take judicial notice of those proceedings.[2] As such, the Court's taking of judicial notice was neither judicial misconduct nor grounds for the recusal of the undersigned.

The Plaintiff further argues that the undersigned has demonstrated bias in his prior rulings by stating that the Plaintiff has filed "frivolous and meritless pleadings" and engaged in "forum shopping." [CV1 Doc. 13; CV2 Doc. 11]. The Plaintiff has not, however, met his burden to show that the recusal of the undersigned is appropriate. The Plaintiff has merely presented conclusory allegations based entirely on the Court's rulings in this case as evidence of the Court's bias against him. Moreover, the actions highlighted by the Plaintiff as evidence of the Court's bias are merely the result of the Court's application of basic legal doctrines. For instance, the Court dismissed the Plaintiff's suit because his claims against the Defendant had been previously dismissed by another Court "*with prejudice.*" Neville v. Dill,

---

[2] Moreover, there is no issue with the Court taking judicial notice of the other proceedings and filings because it did so "not for the truth of the matters asserted in the other litigation[s], but rather to establish the fact of such litigation[s] and related filings." Kramer v. Time Warner Inc., 937 F.2d 767, 774 (2d Cir. 1991).

5

No. 19CV321-CAB-MDD, 2019 WL 4242502, at *2 (S.D. Cal. Sept. 6, 2019) (emphasis added). That is not bias; that is simply following basic legal principles. Accordingly, the Plaintiff's allegations of bias are without merit.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's "Notice," which the Court construes as a motion for recusal, is **DENIED**.

**IT IS SO ORDERED.**

Signed: August 24, 2020

Martin Reidinger
Chief United States District Judge